IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ALLEGRUCCI and GARY ALLEGRUCCI, wife & husband, : : : **Plaintiffs** : v. : : ELECTROLUX HOME PRODUCTS, : INC., Individually and as Successor to : AMERICAN YARD PRODUCTS; : ELECTROLUX NORTH AMERICA, : INC., Individually and as Successor to : AMERICAN YARD PRODUCTS; : ELECTROLUX USA, INC., Individually : and as Successor to AMERICAN YARD : PRODUCTS; HUSQUARNA CONSUMER: OUTDOOR PRODUCTS N.A., INC., : Individually and as Successor to : AMERICAN YARD PRODUCTS; and : HUSQUARNA PROFESSOINAL : PRODUCTS, INC., Individually and as : Successor to AMERICAN YARD : PRODUCTS, : : **Defendants** : | CIVIL ACTION NO.: JURY TRIAL DEMANDED |

## COMPLAINT

The Plaintiffs, Deborah Allegrucci and Gary Allegrucci, wife and husband, by and through their attorneys, Dougherty, Leventhal & Price, L.L.P., complain against the above-named Defendants as follows:

## THE PARTIES

1. The Plaintiffs, Deborah Allegrucci and Gary Allegrucci, wife and husband, are adult and competent individuals who reside at 110 Belle Drive, Roaring Brook Township, Lackawanna County, PA 18444.

2. The Defendant, Electrolux Home Products, Inc., individually and as successor to American Yard Products, is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262.

3. The Defendant, Electrolux North America, Inc., individually and as successor to American Yard Products, is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262

4. The Defendant, Electrolux USA, Inc., individually and as successor to American Yard Products, is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262.

5. The Defendant, Husquarna Consumer Outdoor Products N.A., Inc., individually and as successor to American Yard Products, is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 9335 Harris Corners Parkway, Ste. 500, Charlotte, NC 28269.

6. The Defendant, Husquarna Professional Products, Inc., individually and as successor to American Yard Products, is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 9335 Harris Corners Parkway, Ste. 500 Charlotte, NC 28269.

## JURISDICTION

7. Jurisdiction is based on 28 U.S.C. Section 1332(a)(1) in that Plaintiffs' claim involves a controversy between entities and/or citizens from different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## BACKGROUND INFORMATION

8. On August 23, 2004, Plaintiffs purchased a Craftsman Lawn Tractor (21.0 HP, 42" Mower, Electric Start, Automatic Transmission), Bob Vila Signature Series, Model No. 917.274040, Serial No. 081104C011092 (LAWN TRACTOR), at the SEARS store in the Viewmont Mall in Scranton, Lackawanna County, PA. See the sale receipt attached hereto as Exhibit A.

9. The Defendants, individually and as successors to American Yard Products, designed, manufactured and distributed the LAWN TRACTOR.

10. At all relevant times, including at the time of the product sale, the LAWN TRACTOR contained a thin metal lever (i.e., thin metal rod) that protruded into the well where the legs of the LAWN TRACTOR operator are positioned. See the photographs attached hereto as Exhibit B. This thin metal lever activates the park brake on the LAWN TRACTOR.

11. The thin metal rod constitutes a dangerous design defect in that the lever protrudes into the leg well and presents an unnecessary risk of leg injury to the LAWN TRACTOR operator.

## DEBORAH ALLEGRUCCI'S ACCIDENT OF OCTOBER 21, 2020

12. On Wednesday, October 21, 2020, Deborah Allegrucci used the LAWN TRACTOR to mow grass at her residence in Roaring Brook Township, and as she attempted to get off of the LAWN TRACTOR, the thin metal lever sliced through her left calf. See the injury photograph attached hereto as Exhibit C.

## COUNT I – STRICT PRODUCT LIABILITY

*Plaintiff Deborah Allegrucci*
*v.*
*Defendants: Electrolux Home Products, Inc., individually and as successor to American Yard Products; Electrolux North America, Inc., individually and as successor to American Yard Products; Electrolux USA, Inc., individually and as successor to American Yard Products; Husquarna Consumer Outdoor Products N.A., Inc., individually and as successor to American Yard Products; and Husquarna Professional Products, Inc., individually and as successor to American Yard Products*

13. The Plaintiffs incorporate paragraphs 1 through 12 above as fully as if the same were set forth at length herein.

14. The LAWN TRACTOR - - which the Defendants, individually and as successors to American Yard Products, designed, manufactured and distributed and which SEARS sold to Plaintiffs - - is defective under both a risk/utility analysis and a consumer expectations analysis. Specifically, the LAWN TRACTOR contains a metal rod protruding into the operator leg well, presenting a threat of serious leg injury to LAWN TRACTOR operators. The Defendants could have, and should have, easily and inexpensively eliminated and/or guarded against this danger, removing the risk of serious injury to any person operating the LAWN TRACTOR. Further, the danger is unknowable and unacceptable to the average or ordinary consumer.

15. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci suffered physical injury as depicted in Exhibit C, and she required extensive medical treatment for her injury, including hospitalization, surgery, and wound care and maintenance. She incurred medical bills for her treatment, and she may require additional medical care and incur further bills in the future.

16. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci missed time from her job as a phlebotomist at a local hospital, and she sustained wage loss.

17. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci endured physical and mental pain and suffering, and she will continue to endure physical and mental pain and suffering for the remainder of her lifetime.

18. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci suffered a loss of ability to enjoy ordinary pleasures and activities of her life, and she may suffer a loss of ability to enjoy ordinary pleasures and activities of her life for an indefinite period of time into the future.

19. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci suffered embarrassment and humiliation.

20. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Deborah Allegrucci suffered permanent physical disfigurement in the form of scarring on her left calf, and she sustained loss of function, loss of sensation and loss of range of motion in her left calf and diminished ability for prolonged standing.

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), plus costs of suit and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT II – LOSS OF CONSORTIUM

*Plaintiff Gary Allegrucci*
*v.*
*Defendants: Electrolux Home Products, Inc., individually and as successor to American Yard Products; Electrolux North America, Inc., individually and as successor to American Yard Products; Electrolux USA, Inc., individually and as successor to American Yard Products; Husqvarna Consumer Outdoor Products N.A., Inc., individually and as successor to American Yard Products; and Husqvarna Professional Products, Inc., individually and as successor to American Yard Products*

21. The Plaintiffs incorporate paragraphs 1 through 20 above as fully as if the same were set forth at length herein.

22. As a result of the Defendants' design, manufacture and distribution of a defective product, Plaintiff Gary Allegrucci suffered a loss of his wife's care, comfort, society and services.

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), plus costs of suit and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

BY: _____
JAMES M. WETER, ESQ.
Attorney I.D.#46847
459 Wyoming Avenue
Kingston, PA 18704
(570) 288-1427


BLAKE AND WALSH, LLC

BY: _____
BRIAN J. WALSH, ESQ.
Attorney ID #82200
436 Jefferson Ave.
Scranton, PA 18510
(570)342-0505

Attorneys for Plaintiffs DEBORAH ALLEGRUCCI
and GARY ALLEGRUCCI, wife & husband